```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       OCALA DIVISION
```

MARCUS WRIGHT,

       Plaintiff,

v.                         Case No. 5:20-cv-21-Oc-39PRL

CUSTODIAN, WARDEN OF USP
COLEMAN II,

       Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Marcus Wright, a federal prisoner, initiated this case by filing an emergency motion for injunctive relief (Doc. 1; Motion); a motion for leave to proceed in forma pauperis (Doc. 2); and a motion for the appointment of counsel (Doc. 3). Plaintiff has not filed a civil rights complaint.

In his motion for injunctive relief, Plaintiff seeks an order directing prison officials to ensure he receives his incoming personal mail and to provide him necessary medical treatment for two, unrelated medical conditions (an eye condition that has caused legal blindness and a sinus condition that impacts his breathing). See Motion

at 10-12. Plaintiff also seeks an order directing the Federal Bureau of Prisons to "restore all of his civil and human rights." Id. at 13.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Plaintiff does not carry his burden to demonstrate injunctive relief is warranted. Importantly, Plaintiff's request does not comply with this Court's Local Rules,

2

which require that a motion for injunctive relief (1) be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury; (2) describe precisely the conduct sought to be enjoined; and (3) include a supporting memorandum of law. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06. Plaintiff has not filed a complaint or qualifying affidavits, nor has he submitted a memorandum of law demonstrating injunctive relief is warranted.

To the extent Plaintiff is attempting to raise claims regarding his conditions of confinement, such as a denial of medical care, he may file a civil rights complaint using the Court-approved form. Each separate claim must be pursued in a separate action. To the extent Plaintiff seeks relief related to the fact or duration of his confinement, such a claim is not properly pursued in a civil rights action under 42 U.S.C. § 1983 but instead should be pursued in a habeas corpus action.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice.**

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form and an Affidavit of Indigency form. If Plaintiff chooses to initiate a civil rights action, he should not place this case number on the forms because the Clerk will assign a separate case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Marcus Wright

4